962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lloyd Granville HAYNES, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 91-2975WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 12, 1992.
Filed: May 4, 1992.
 
 Before WOLLMAN and MAGILL, Circuit Judges, and LONGSTAFF,* District Judge.
 PER CURIAM.
 
 
 1
 Lloyd Granville Haynes appeals from a final order entered by the District Court for the Western District of Missouri which denied his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 On April 5, 1988, Haynes was convicted by a jury of conspiracy to distribute cocaine and distribution of cocaine. He was acquitted of the charge of operating a continuing enterprise (Count I of the indictment) and two other distribution counts. A Presentence Investigation Report (PIR) was prepared proposing a base offense level of 16. The government objected and argued for inclusion of cocaine and cash seized during a search of the residence on Askew Street. These items were the basis for Count I of the indictment. The probation office then issued a revised PIR which adopted the government's position resulting in a base offense level of 34.
 
 
 3
 At sentencing, Haynes argued the items seized and used as the basis of Count I should not be included in calculating the base level offense because the inclusion of this property incorporated the predicate conspiracy on which he was acquitted. Haynes was sentenced to 365 months, and the multiple conspiracy theory was not addressed.
 
 
 4
 Haynes appealed, but his counsel did not assert the multiple conspiracy theory on appeal. This court affirmed the judgment and sentence. United States v. Haynes, 881 F.2d 586, 592 (1989). Haynes then filed this § 2255 motion reasserting his multiple conspiracy theory, and alleging ineffective assistance of appellate counsel for not briefing and arguing the specific point of multiple conspiracy raised at sentencing. The district court denied the motion.
 
 
 5
 We reject appellant's contention that he was sentenced for multiple conspiracies because items from the Askew residence were included in the sentencing calculation. The presence of several actors and the execution of separate illegal acts do not require a determination that more than one conspiracy existed. United States v. Pou, 953 F.2d 363, 369 (8th Cir. 1992). The sentencing court found the money and drugs seized at the Askew house represented at least some profits from the other crack houses involved in the counts of conviction (conspiracy and distribution), and the evidence concerning Haynes involvement in the Count I conspiracy was "overwhelming." Court's Finding for Imposition of Sentence, p. 3, Appellant's Appendix at 66. Further, a coconspirator may be accountable for any amount it was reasonably foreseeable the criminal conspiracy would handle. United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(1) & comment. (n.1(a)); United States v. Pou, 953 F.2d 363, 370 (8th Cir. 1992); United States v. Payne, 940 F.2d 286, 292 (8th Cir. 1991). The court's findings were not clearly erroneous. 18 U.S.C. § 3742(e); United States v. Lawrence, 915 F.2d 402, 406 (8th Cir. 1990).
 
 
 6
 In his § 2255 motion, Haynes also raised the issue of ineffective counsel. Because it was proper to include items seized at the Askew residence in the base offense level, appellant cannot show any alleged ineffective assistance of counsel resulted in prejudice as required under Strickland v. Washington, 466 U.S. 668, 687 (1984)(petitioner must show counsel's performance was both deficient as well as prejudicial to the defense).
 
 
 7
 It was not error for the sentencing court to increase the base offense level to 34 after finding it reasonably foreseeable the criminal conspiracy would handle the items seized, and counsel was not ineffective for failing to raise the multiple conspiracy theory on appeal. Thus, it was appropriate for the district court to deny Haynes' Section 2255 motion. Accordingly, we affirm.
 
 
 
 *
 *The Honorable RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, sitting by designation